UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER WILSON,

        Plaintiff,

v.

STATE OF MICHIGAN and
GRETCHEN WHITMER,

        Defendant.
_____/

Case No. 1:21-cv-913

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Roger Wilson ("plaintiff" or "Wilson") against the State of Michigan ("Michigan") and Michigan Governor Gretchen Whitmer ("Governor Whitmer"). This matter is now before the Court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 14), and Wilson's motions for a preliminary injunction (ECF No. 15), default judgment (ECF No. 18), and "for expedited resolution of the constitutionality of Michigan Compiled Law 750, 14 15" (ECF No. 21).

    **I.**    **Discussion**

For the reasons discussed below, Wilson's lawsuit should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal

subject-matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

It is well-established that this Court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Here, Wilson's "complaint" (ECF No. 1) contains no factual allegations. Rather, it is a public policy manifesto setting out Wilson's arguments against abortion, expressing his opinions on various subjects including the Supreme Court's decision in *Roe v. Wade*, 410 U.S. 113 (1973) and Governor Whitmer, and asking this Court to declare that "Michigan's Abortion Law" is unconstitutional. In short, Wilson has filed a manifesto, opinions and arguments under the guise of a "complaint".

Wilson's complaint is a frivolous and meritless filing which does set forth any basis for the Court to exercise federal subject matter jurisdiction. Dismissal for lack of subject-matter jurisdiction is appropriate where the complaint is so "completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). *See also*, *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Accordingly, Wilson's lawsuit should be dismissed for lack of federal subject matter jurisdiction and Wilson's motions for a preliminary injunction, default judgment, and expedited resolution of the constitutionality of the Michigan statute should be denied as moot.

## II.    RECOMMENDATION

Accordingly, I respectfully recommend that defendants' motion to dismiss (ECF No. 14) be **GRANTED**, that plaintiff's motions for a preliminary injunction (ECF No. 15), default judgment (ECF No. 18) and expedited resolution of the constitutionality of the Michigan statute (ECF No. 21) be **DENIED as moot**, and that this action be **DISMISSED**.


Dated:  July 29, 2022                             /s/ Ray Kent
                                                  RAY KENT
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).